# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                      July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                          8:49 AM

Judge: Honorable Lawrence P. Riff            CSR: None
Judicial Assistant: Alfredo Morales          ERM: None
Courtroom Assistant: Teresa Bivins           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/16/2022 at 10:00 AM in this department. At least twenty (20) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                                      July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                               8:49 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales          ERM: None
Courtroom Assistant: Teresa Bivins          Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                          July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                              8:49 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales        ERM: None
Courtroom Assistant: Teresa Bivins         Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

FILED
Superior Court of California
County of Los Angeles

JUL 11 2022

Sherri R. Carter, ~~~~~~ ~~~~~er/Clerk
By *Alfredo Morales* _____deputy
ALFREDO MORALES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ALEC LIGORRIA | Case No.: 22STCV21516 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION) |
| v. | |
| LOOMIS ARMORED US, LLC | Case assigned for all purposes to Judge Lawrence P. Riff Spring Street Courthouse Department 7 ISC Date: 09/16/2022 at 10:00 a.m. |
| Defendant | |

This case has been assigned for all purposes to Judge Lawrence P. Riff, Complex Litigation, Department 7.  PLEASE READ THE COURTROOM INFORMATION FOR DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

The Court has scheduled an Initial Status Conference on September 16, 2022 at 10:00 a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.  Department 7 utilizes the LACourtConnect video and telephonic

conference platform for hearings.  To minimize social contact and avoid the risk of COVID-19 infection, the Court encourages parties and counsel to appear remotely (via LACourtConnect).  When appearing via telephone or  video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case.  The Court encourages the parties to propose approaches to case management that will promote the fair and efficient handling of the case.  The Court is particularly interested in identifying dispositive or significant issues that may be addressed early in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.   Or, if the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint (or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The  Court  orders  counsel  for  all  parties  to  confer  via  telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference. The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 10 court days before the ISC.   So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that electronic service is not the same as electronic filing.

To reserve a hearing date, please telephone the courtroom staff when the motion is ready to be filed.

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery? [1]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order?  The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement?

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[2]

---

[1] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

[2] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[3]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

a. The next status conference.

b. Mediation completion.

c. A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court orders each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

---

[3] E-service does not effectuate a justiciable filing with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

**Except for the filing of a Notice of Related Case or a Motion to Compel Arbitration, the Court stays all other proceedings in this action**.  The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint.  This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court.  The stay does not apply to the filing of a notice of related case or any motion to compel arbitration.  Before filing a motion to compel arbitration, the Defendant must provide the plaintiff with a copy of the arbitration agreement and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration.  Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case.  Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated  **JUL 1 1 2022**

_____
Lawrence P. Riff
Judge of the Superior Court

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

07/11/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Morales _____ Deputy

PLAINTIFF/PETITIONER:

Alec Ligorria

DEFENDANT/RESPONDENT:

Loomis Armored US, LLC

### CERTIFICATE OF MAILING

CASE NUMBER:

22STCV21516

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 07/11/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chaim Shaun Setareh
Setareh Law Group
9665 Wilshire Blvd, Ste 430
Beverly Hills, CA  90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/11/2022

By:  A. Morales _____
Deputy Clerk

### CERTIFICATE OF MAILING

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2022 03:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Smith,Deputy Clerk

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Jose Maria D. Patino, Jr. (SBN 270194)
  jose@setarehlaw.com
Maxim Gorbunov (SBN 343128)
  maxim@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff ALEC LIGORRIA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

| | |
|---|---|
| ALEC LIGORRIA, on behalf of himself and all others similarly situated,<br><br>       *Plaintiff,*<br><br>   v.<br><br>LOOMIS ARMORED US, LLC, a Texas limited liability company; and DOES 1 through 50, inclusive,<br><br>       *Defendants.* | Case No. 22STCV21516<br><br>**PLAINTIFF'S NOTICE OF INITIAL STATUS CONFERENCE AND ORDER** |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Court set an Initial Status Conference for September 16, 2022, at 10:0 a.m., in Department 7 of the Superior Court of California, County of Los Angeles, Spring Street Courthouse. A true and correct copy of the Minute Order is attached hereto as **Exhibit A**.

DATED:  July 15, 2022                          SETAREH LAW GROUP

SHAUN SETAREH
JOSE MARIA D. PATINO, JR.
MAXIM GORBUNOV
Attorneys for Plaintiff
ALEC LIGORRIA

1

# "EXHIBIT A"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                                 July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                                       8:49 AM

Judge: Honorable Lawrence P. Riff           CSR: None
Judicial Assistant: Alfredo Morales          ERM: None
Courtroom Assistant: Teresa Bivins           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
09/16/2022 at 10:00 AM in this department. At least twenty (20) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                                  July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                                          8:49 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: Alfredo Morales        ERM: None
Courtroom Assistant: Teresa Bivins         Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**22STCV21516**                                                    July 11, 2022
**ALEC LIGORRIA vs LOOMIS ARMORED US, LLC**                          8:49 AM

Judge: Honorable Lawrence P. Riff              CSR: None
Judicial Assistant: Alfredo Morales            ERM: None
Courtroom Assistant: Teresa Bivins             Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California,
County of Los Angeles

**07/11/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By:      A. Morales          Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Alec Ligorria

DEFENDANT/RESPONDENT:
Loomis Armored US, LLC

## CERTIFICATE OF MAILING

CASE NUMBER:
22STCV21516

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 07/11/2022, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chaim Shaun Setareh
Setareh Law Group
9665 Wilshire Blvd, Ste 430
Beverly Hills, CA  90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/11/2022

By:   A. Morales
      Deputy Clerk

**CERTIFICATE OF MAILING**

FILED
Superior Court of Califor...
County of Los Angeles

JUL 11 2022

Sherri R. Car... ...cer/Clerk
Alfredo Morales  depu
ALFREDO MORALES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALEC LIGORRIA | Case No.: 22STCV21516 |
|            Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION) |
| v. | |
| LOOMIS ARMORED US, LLC | Case assigned for all purposes to Judge Lawrence P. Riff Spring Street Courthouse Department 7 ISC Date: 09/16/2022 at 10:00 a.m. |
|            Defendant | |

This case has been assigned for all purposes to Judge Lawrence P. Riff, Complex Litigation, Department 7. PLEASE READ THE COURTROOM INFORMATION FOR DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org).

The Court has scheduled an Initial Status Conference on September 16, 2022 at 10:00 a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012. Department 7 utilizes the LACourtConnect video and telephonic

1

conference platform for hearings.  To minimize social contact and avoid the risk of COVID-19 infection, the Court encourages parties and counsel to appear remotely (via LACourtConnect).  When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

The purpose of the Initial Status Conference is to identify a fair and efficient way of proceeding with the case.  The Court encourages the parties to propose approaches to case management that will promote the fair and efficient handling of the case.  The Court is particularly interested in identifying dispositive or significant issues that may be addressed early in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.  Or, if the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint (or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference.  The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status Conference.

2

All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 10 court days before the ISC.   So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org upon agreement of an e-service provider.

Please remember that electronic service is not the same as electronic filing.

To reserve a hearing date, please telephone the courtroom staff when the motion is ready to be filed.

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

3

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery? [1]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order?  The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement?

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[2]

---

[1] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

[2] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[3]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

a. The next status conference.

b. Mediation completion.

c. A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court orders each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

---

[3] E-service does not effectuate a justiciable filing with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

**Except for the filing of a Notice of Related Case or a Motion to Compel Arbitration, the Court stays all other proceedings in this action.**  The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint.  This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court.  The stay does not apply to the filing of a notice of related case or any motion to compel arbitration.  Before filing a motion to compel arbitration, the Defendant must provide the plaintiff with a copy of the arbitration agreement and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration.  Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case.  Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated  JUL 1 1 2022

Lawrence P. Riff
Judge of the Superior Court

6

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212.

On July 15, 2022, I served the foregoing documents described as:

**PLAINTIFF'S NOTICE OF INITIAL STATUS CONFERENCE AND ORDER**

in this action by transmitting a true copy thereof addressed as follows:

Loomis Armored US, LLC
c/o C T CORPORATION SYSTEM
330 N BRAND BLVD STE 700
GLENDALE, CA  91203
**Agent for Service of Process for**
**Loomis Armored US, LLC**

**[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2022, at Beverly Hills, California.

Wendy Sarabia

PROOF OF SERVICE